UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARIO FLORES | § |
| | § |
| *Plaintiff,* | § |
| V. | § |
| | § |
| WIND TURBINE & ENERGY CABLES | § |
| CORP AND JEFFREY PELLERIN | § |
| *Defendant.* | § |

CASE NO. 5:15-cv-00231

## DEFENDANT'S NOTICE OF REMOVAL

Wind Turbine & Energy Cables Corp ("Wind Turbine"), Defendant, hereby removes this lawsuit which is currently pending in the District Court of the 37th Judicial District of Bexar County, Texas, Cause No. 2014-CI-19171, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1332. In support, Defendant would respectfully show the Court as follows:

## I.
## PARTIES

1.      Plaintiff, Mario Flores, is an individual who resides in San Antonio, Bexar County, Texas.

2.      Defendant, Wind Turbine & Energy Cables Corp, is a corporation, incorporated in New Jersey, and whose principal place of business is in Fort Lee, Bergen County, New Jersey.

3.      Defendant, Jeffrey Pellerin, is an individual who permanently resides in Milton, Santa Rosa County, Florida.

## II.
## BACKGROUND OF STATE COURT ACTION

4.     The State Court's Docket Sheet is attached herein.  *See* **Exhibit A**.[1]

5.     On December 10, 2014, Plaintiff filed his Original Petition styled *Mario Flores v. Wind Turbine & Energy Cables Corp and Jeffrey Pellerin,* in the District Court of the 37th Judicial District of Bexar County, Texas, Cause No. 2014-CI-19171. *See* **Exhibit B** (Original Petition).

6.     Plaintiff served Defendant Wind Turbine on February 27, 2015. *See* **Exhibit C** (Service of Process).

7.     Named Defendant Jeffrey Pellerin has not been served.

8.     Defendant Jeffrey Pellerin is an employee of Wind Turbine.

9.     Defendant Wind Turbine filed its answer to the suit on March 17, 2015, generally denying all claims. *See* **Exhibit D** (Original Answer).

10.    Plaintiff's Original Petition alleges that Defendant, Jeffrey Pellerin, while in the course and scope of his employment for Wind Turbine, crashed into the rear of Plaintiff's vehicle. *See* Exhibit B at page 2.

11.    Plaintiff asserts causes of action for negligence, negligent training, negligent supervision, retention, and monitoring, and negligence per se. *See* Exhibit B at pages 3-5.

12.    This Notice of Removal is timely filed within thirty (30) days after receiving notice of the suit. *See* 28 U.S.C. § 1446(b)(1).

## III.
## GROUNDS FOR REMOVAL

13.    This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity

---

[1] Entry of Bexar County Case History P00005 described as "INTENTION TO TAKE DEPOSITION OF C/R SEA WORLD OF TEXAAS LLC (EMPLOYMENT)" is an erroneous item in the case history of this case. Additionally, this entry on the Bexar County Case History has no effect on this proceeding.

between the parties at the time of the filing of the suit and at the time of the removal. Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

### *Parties are Diverse*

#### *a.  Plaintiff's Citizenship*

14.     A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence, with the intent to remain there indefinitely.  *See Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 555 (5th Cir. 1985).

15.     Here, Plaintiff's pleading asserts that he is a resident of Bexar County, Texas.  *See* Exhibit A at page 1.  Plaintiff has not pled any other facts of his residency, intention to leave Texas, or domiciles in other States.  *Id.*  Accordingly, Defendant asserts that absent the same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas.

#### *b.  Defendant Wind Turbine & Energy Cables Corp's Citizenship*

16.     A corporation is a "citizen of every State by which it has been incorporated and of the State where it has its principal place of business[.]"  28 U.S.C. § 1332(c)(1). Here, Defendant Wind Turbine is a corporation that is incorporated in New Jersey, with its principal place of business being Fort Lee, Bergen County, New Jersey.  Accordingly, Defendant is a citizen of the State of New Jersey.

#### *c.  Defendant Jeffrey Pellerin's Citizenship*

17.     Defendant Jeffrey Pellerin is a natural person.  As such, using the test for a natural person's citizenship referenced above from *Freeman*, Jeffrey Pellerin is domiciled in the State of Florida, has a fixed residence in Milton, Santa Rosa County, Florida, and has the intent to remain

{00130175}                                                                                     3

in Milton, Santa Rosa County, Florida indefinitely. Accordingly, Defendant Jeffrey Pellerin's citizenship at the time of the filling of the suit and at the time of removal is the State of Florida.

## *Amount in Controversy*

18.     The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a *legal certainty*, he will not be able to recover more than the damages for which he has prayed in the state court complaint. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).

19.     As detailed below, Defendant can show that the amount in controversy exceeds $75,000.00 because it is apparent from the face of the petition.

### *Amount is Facially Apparent*

20.     If a plaintiff seeks monetary relief and demands an amount that exceeds the minimum jurisdictional amount of $75,000.00 (excluding interest and costs), the defendant can rely on that demand to meet the jurisdictional requirement. *See S.W.S. Erectors Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir. 1996). In the instant case, Plaintiff's Original Petition, paragraph 6, entitled "Jurisdiction," states as follows:

> This suit is brought in accordance with the laws of the state of Texas, for the recovery of damages *which may exceed one million dollars,* to which plaintiff is entitled to receive as compensation for the injuries described below.

*See* Exhibit B at page 2. As Defendant can rely on such a demand in a pleading, the jurisdictional amount is established on the face of the petition, making removal proper.

21.     Accordingly, since the claim made basis of this suit clearly exceeds the jurisdictional limits of \$75,000.00, as established by the objective, competent evidence, this Court has original jurisdiction, and removal is proper.

## IV.
## VENUE

22.     Venue is proper in this Court under 28 U.S.C. § 1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

## V.
## JURY DEMAND

23.     Plaintiff did not demand a jury in his initial State Court pleading. *See* Exhibit B.

WHEREFORE, Defendant Wind Turbine & Energy Cables Corp, requests that the Court accept jurisdiction over this case against them for the reasons set forth above, and grant Defendant any such other and further relief to which they show themselves justly entitled.

{00130175}                                             5

Respectfully submitted,

___/s/ Jose "J.J." Treviño_____
**Jose "JJ" Trevino, Jr.**
State Bar No. 24051446
**Nicholas D. Smith**
State Bar No. 24093175

**VALDEZ, JACKSON & TREVIÑO, P.C.**
Plaza Las Campanas
1826 North Loop 1604 West, Suite 275
San Antonio, Texas 78248
Telephone: (210) 598-8686
Facsimile: (210) 598-8797

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2015 a true and correct copy of the foregoing was delivered to the following via certified mail and/or facsimile transmission:

Steve Dummitt                           *__Via facsimile:  210(923)-3378__*
Mike Erskine
THE CARSON LAW FIRM P.C.
618 S.W. Military Blvd.
San Antonio, Texas 78221

___/s/ Jose "J.J." Treviño
Jose "JJ" Trevino, Jr.

# EXHIBIT A

{00126041}



# **Bexar County**

## **District Clerk/County Clerk Search**

## **Full Case Information**

## **Case Summary**

### Case Information for Cause #: 2014CI19171

MARIO FLORES vs WIND TURBINE & ENERGY CABLES CORP ETAL

| | |
|---|---|
| **Cause No. :** | 2014CI19171 |
| **Name:** | MARIO FLORES |
| **Business Name :** | |
| **Litigant Type :** | PLAINTIFF |
| **Date Filed :** | 12/10/2014 |
| **Docket Type :** | OTHER INJURY OR DAMAGE |
| **Case Status :** | PENDING |
| **Court :** | 037 |

*Information as of: 03/24/2015 02:13:09 PM*

Full Case Information

# Case History

*Currently viewing 1 through 10 of 10 records.*

| Type/Sequence | Date Filed | Description |
|---|---|---|
| P00001 | 12/10/2014 | PETITION |
| P00002 | 12/10/2014 | SERVICE ASSIGNED TO CLERK 3 |
| S00001 | 12/12/2014 | CITATION<br>WIND TURBINE & ENERGY CABLES CORP<br>ISSUED: 12/12/2014 |
| S00002 | 12/12/2014 | QUOTE<br>JEFFREY PELLERIN<br>ISSUED: 12/12/2014 |
| P00003 | 2/17/2015 | SERVICE ASSIGNED TO CLERK 3 |
| P00004 | 2/17/2015 | REQUEST FOR SERVICE AND PROCESS |
| S00003 | 2/18/2015 | CITATION<br>WIND TURBINE & ENERGY CABLES CORP<br>ISSUED: 2/18/2015 RECEIVED: 2/19/2015<br>EXECUTED: 2/27/2015 RETURNED: 3/9/2015 |
| S00004 | 2/18/2015 | QUOTE<br>JEFFREY PELLERIN<br>ISSUED: 2/18/2015 |
| P00005 | 2/23/2015 | INTENTION TO TAKE DEPOSITION OF<br>C/R SEA WORLD OF TEXAAS LLC(EMPLOYMENT) |
| P00006 | 3/17/2015 | ORIGINAL ANSWER OF<br>WIND TURBINE & ENERGY CABLES CORP |

# EXHIBIT B

{00126041}

| TIME RECEIVED<br>December 10, 2014 4:08:07 PM EST | REMOTE CSID<br>512-852-6755 | DURATION<br>170 | PAGES<br>8 | STATUS<br>Received |
|---|---|---|---|---|

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

From The Carlson Law Firm 1.512.852.6755 Wed Dec 10 15:05:11 2014 CST6CDT Page 2 of 8

FILED
12/10/2014 2:37:24 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Marc Garcia

**2 CITS PPS - SAC3**

CAUSE Nº **2014CI19171**

| | | |
|---|---|---|
| MARIO FLORES,<br>  *Plaintiff* | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | **37TH** JUDICIAL DISTRICT |
| | § | |
| WIND TURBINE & ENERGY CABLES<br>CORP. and JEFFREY PELLERIN,<br>  *Defendants* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S PETITION
## & REQUEST FOR DISCLOSURES

COMES NOW MARIO FLORES, Plaintiff, in the above-styled cause, for cause of action and upon information and belief, allege and complain of WIND TURBINE & ENERGY CABLES CORP. ("Wind Turbine") and Jeffrey Pellerin, collectively Defendants, as follows:

### Discovery Control Plan

1.     Discovery is intended to be conducted "by order" under Rule 190.4, Texas Rules of Civil Procedure (Level 3).

### Parties & Service of Process

2.     Plaintiff is an individual who reside in Bexar County, Texas.

3.     Defendant, Wind Turbine & Energy Cables Corp., is a domestic corporation. Service may be obtained by serving Defendant's registered agent for service of process, National Registered Agents, Inc., at 350 N. ST. PAUL STREET, SUITE 2900 DALLAS, TX 75201 by certified mail, return receipt requested, restricted delivery through private process.

4.     Jeffrey Pellerin is an individual whose last known address is 13550 Donop Road, San Antonio, TX 78223. Citation may be served on Jeffrey Pellerin, at the above listed location by private process server.

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| December 10, 2014 4:08:07 PM EST | 512-852-6755 | 170 | 8 | Received |

From The Carlson Law Firm 1.512.852.6755 Wed Dec 10 15:05:11 2014 CST6CDT Page 3 of 8

### Misnomer, Alter-Ego, Assumed Name

5.      In the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein.

### Jurisdiction

6.      This suit is brought in accordance with the laws of the state of Texas, for the recovery of damages which may exceed one million dollars, to which Plaintiff is entitled to receive as compensation for the injuries described below.    Accordingly, the Court has jurisdiction over this matter.

### Venue

7.      All or a substantial part of the events or omissions giving rise to this claim occurred in Bexar County, Texas.  Accordingly, venue is proper in Bexar County.

### Facts

8.      On or around April 29, 2013, Plaintiff was in the northbound lane of the 5200 block of Roosevelt San Antonio, Bexar County, Texas at or near the intersection of Roosevelt Rd and Loop 410 Hwy.   Defendant, Jeffrey Pellerin, while in the course and scope of his employment for Wind Turbine, was driving a 2011 Chevrolet Silverado directly behind Plaintiff's car.  Suddenly and without warning Defendant, Jeffrey Pellerin, crashed into the rear of Plaintiff's vehicle.

9.      The investigating officer, Officer Robert D. Moreno attributed the sole cause of the crash to Defendant's negligence of following too closely. As a proximate result of Defendants' negligence, Plaintiff suffered serious and painful injuries and damages.

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
| December 10, 2014 4:08:07 PM EST | 512-852-6755 | 170 | 8 | Received |

From The Carlson Law Firm 1.512.852.6755 Wed Dec 10 15:05:11 2014 CST6CDT Page 4 of 8

## Causes of Action

### *Negligence*

10. All allegations herein are incorporated by reference.

11. Plaintiff sues Defendants for negligence. Each Defendant was negligent in one or more of the following acts or omissions, each of which was a proximate cause of the occurrence in question and the injuries and damages suffered by Plaintiff for which she herein sues:

**Jeffrey Pellerin**

    a. Driving the truck into the rear of Plaintiff's vehicle.

    b. Failing to keep a proper lookout.

    c. Failing to control the speed of the truck as necessary to avoid colliding with Plaintiff's car, in violation of § 545.351(b)(2), TEX. TRANSP. CODE.

    d. Driving inattentively.

    e. Driving recklessly, in violation of § 545.401, TEX. TRANSP. CODE.

    f. Failing to maintain proper control of the truck he was driving.

    g. Failing to timely and properly apply the truck brakes in order to avoid colliding with Plaintiff's vehicle.

    h. Driving at a speed greater than was reasonable and prudent under the circumstances, in violation § 545.351(a), TEX. TRANSP. CODE.

    i. Failing to maneuver the truck to avoid the collision.

    j. Failing to keep a safe and assured distance between the truck and Plaintiff's vehicle, in violation of § 545.062(a), TEX. TRANSP. CODE.

    k. Driving the truck in willful or wanton disregard for the safety of other persons and vehicles, in violation of § 545.401(a), TEX. TRANSP. CODE.

    l. Failing to drive in a safe and prudent manner.

    m. Failing to abide by and adhere to applicable traffic laws.

**Wind Energy**

    a. Negligent Training.

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
| December 10, 2014 4:08:07 PM EST | 512-852-6755 | 170 | 8 | Received |

From The Carlson Law Firm 1.512.852.6755 Wed Dec 10 15:05:11 2014 CST6CDT Page 5 of 8

(1)   Failure to provide the necessary training to Jeffrey Pellerin, regarding the proper and safe operation and maintenance of the tractor under the circumstances at issue.

(2)   Failure to properly train Jeffrey Pellerin, regarding all aspects of driver safety.

(3)   Failure to train Jeffrey Pellerin, regarding safe and proper operation of a tractor such as a person or company using ordinary care would have done in the same or similar circumstances.

(4)   Such other and further acts of negligence as may be shown in this cause as discovery progresses.

b.   Negligent Supervision, Retention, and Monitoring.

(1)   Failure to monitor Jeffrey Pellerin, to make sure that he complied with policies and procedures.

(2)   Failure to implement policies and procedures for Jeffrey Pellerin regarding proper and safe truck operation and maintenance.

(3)   Failure to require Jeffrey Pellerin to comply with the Texas and Federal Motor Carrier Safety Regulations, the Texas Commercial Motor Vehicle Driver's Handbook, and the Texas Transportation Code.

(4)   Such other and further acts of negligence as may be shown in this cause as discovery progresses.

c.   General Negligence.

(1)   Failure to comply with their own policies, procedures, and standards.

(2)   Failure to insure that Jeffrey Pellerin complied with their policies, procedures, and standards.

(3)   Failure to implement and adopt proper policies and procedures.

(4)   Failure to require Jeffrey Pellerin to comply with the Texas Transportation Code, Texas Motor Carrier Safety Regulations, and Federal Motor Carrier Safety Regulations.

(5)   Such other and further acts of negligence as may be shown in this cause as discovery progresses.

| INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY | | | |
|---|---|---|---|
| TIME RECEIVED<br>December 10, 2014 4:08:07 PM EST | REMOTE CSID<br>512-852-6755 | DURATION<br>170 | PAGES<br>8 | STATUS<br>Received |

From The Carlson Law Firm 1.512.852.6755 Wed Dec 10 15:05:11 2014 CST6CDT Page 6 of 8

*Negligence Per Se*

12.    All allegations herein are incorporated by reference.

13.    Pleading further or alternatively, Plaintiff sues Defendants for negligence *per se*. Each Defendant was negligent in one or more of the acts or omissions listed above, each of which was a proximate cause of the occurrence in question and the injuries and damages suffered by Plaintiff for which he herein sues. Each statute or ordinance stated above was designed to prevent injuries to a class of persons to which Plaintiff belongs.

**Actual Damages**

14.    Defendants are each liable to Plaintiff for all remedies allowed at law, general and special, both sustained in the past and, in all reasonable probability, to be suffered in the future, including the following:

    a.    medical and health care;

    b.    physical pain and suffering;

    c.    mental anguish;

    d.    physical impairment;

    e.    disfigurement;

    f.    loss of earnings;

    g.    loss of earning capacity.

**Agency & Concert of Action**

15.    Whenever it is alleged that a Defendant did an act or thing, or omitted to do an act or thing, it is meant that a Defendant committed such act or omission either directly or by and through the Defendant's agents, servants, employees, managers, administrators, officers, or representatives.

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| December 10, 2014 4:08:07 PM EST | 512-852-6755 | 170 | 8 | Received |

From The Carlson Law Firm 1.512.852.6755 Wed Dec 10 15:05:11 2014 CST6CDT Page 7 of 8

16.     Whenever it is alleged herein that an agent, servant, employee, manager, administrator, officer, or representative of a principal did an act or thing, or omitted to do an act or thing, it is meant that such conduct was performed in the course and scope of the applicable agency, employment, or representation of the principal.

17.     At all relevant times, Defendant Jeffrey Pellerin was an agent or employee of Wind Energy. At all relevant times, Jeffrey Pellerin acted within the course and scope of his employment or agency.

### Conditions Precedent

18.     All conditions precedent have been performed or have occurred.

### Interest

19.     Plaintiff seeks prejudgment interest and postjudgment interest in the maximum amounts allowed by law.

### U.S. Life Tables

20.     Notice is hereby given that Plaintiff intends to use the U.S. Life Tables as prepared by the United States Department of Health and Human Services.

### Request for Disclosures

21.     Pursuant to Rule 194, Texas Rules of Civil Procedure, Plaintiff requests that each Defendant disclose, within the time required by the Texas Rules of Civil Procedure, the information and material described in Rule 194.2 (a) through (*l*). This request for Rule 194 disclosures from each Defendant is continuing in nature, regardless of whether or not this request is restated subsequently in any amended pleadings. Each Defendant is under an ongoing duty to amend or supplement disclosures as required by Rule 193.5, Texas Rules of Civil Procedure.

INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY.

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| December 10, 2014 4:08:07 PM EST | 512-852-6755 | 170 | 8 | Received |

From The Carlson Law Firm 1.512.852.6755 Wed Dec 10 15:05:11 2014 CST6CDT Page 8 of 8

### Prayer

22.     WHEREFORE, Plaintiff Mario Flores respectfully prays that Defendants, Wind Turbine & Energy Cables Corp., and Jeffrey Pellerin, each be cited to appear and answer, and that, upon final trial, Plaintiff have judgment of the Court against Defendants jointly and severally for recovery of all actual damages, costs of court, prejudgment interest, postjudgment interest, and such other and further relief, both general and special, legal and equitable, to which Plaintiff may be justly entitled.

Respectfully submitted,

THE CARLSON LAW FIRM PC
618 S.W Military Blvd.
San Antonio, Texas 78221
Phone  (210) 923-7700
Fax     (210) 923-3378

By: _____
        **Steve Dummitt**
        State Bar No. 24082936
        **Mike Erskine**
        State Bar No. 24036530
        ATTORNEYS FOR PLAINTIFF

# EXHIBIT C

# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  SHERIE CHO
WIND, TURBINE & ENERGY CABLES CORP
1 Bridge Plz N Ste 260
Fort Lee, NJ 07024-7573

SOP Transmittal # 526658676

214-932-3601 - Telephone

Entity Served:  WIND, TURBINE AND ENERGY CABLES CORP (Domestic State: NEW JERSEY) (Served as Wind Turbine & Energy Cables Corp. and Jeffrey Pellerin, Dfts. Name discrepancy noted.)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of TEXAS on this 27 day of February, 2015. The following is a summary of the document(s) received:

1.  **Title of Action:**  Mario Flores, Pltf. vs. Wind Turbine & Energy Cables Corp. and Jeffrey Pellerin, Dfts.

2.  **Document(s) Served:**   CITATION,PETITION

3.  **Court of Jurisdiction/Case Number:** 37th Judicial District Court Bexar County, TX
Case # 2014CI19171

4.  **Amount Claimed, if any:** N/A

5.  **Method of Service:**

____ Personally served by:         ____ Process Server         ____ Deputy Sheriff         ____ U. S Marshall

_X_ Delivered Via:         _X_ Certified Mail         ____ Regular Mail         ____ Facsimile

____ Other (Explain):

6.  **Date of Receipt:** 02/27/2015

7.  **Appearance/Answer Date:** By 10:00 a.m. on the Monday next following the expiration of 20 days after service

8.  **Received From:**   Steve Dummitt
The Carlson Law Firm PC
618 SW Military Dr
San Antonio, TX 78221-1637
210-923-7700

9.  **Federal Express Airbill #** 780275898880

10. **Call Made to:** Not required

11.    **Special Comments:**
SOP Papers with Transmittal, via  Fed Ex 2 Day

**NATIONAL REGISTERED AGENTS, INC.**                    CopiesTo:

Transmitted by Beatrice Casarez-Barrientez

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

# EXHIBIT D

FILED
3/17/2015 4:16:47 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Xavier Duran

CAUSE NO. 2014-CI-19171

| | | |
|---|---|---|
| **MARIO FLORES,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **37**[TH] **JUDICIAL DISTRICT** |
| | § | |
| **WIND TURBINE & ENERGY CABLES** | § | |
| **CORP. and JEFFREY PELLERIN,** | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

---

### DEFENDANT WIND TURBINE & ENERGY CABLES CORP.'S ORIGINAL ANSWER

---

TO THE HONORABLE JUDGE OF SAID COURT:

Wind Turbine & Energy Cables Corp., Defendant, files and urges this it's Original Answer and shows the Court as follows:

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant Wind Turbine & Energy Cables Corp. hereby enters a general denial of each and every material allegation contained in Plaintiff's Original Petition and any subsequent supplements or amendments thereto, and demands strict proof thereof.

### II.
### REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Plaintiff is requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2(a)-(l).

{00128220}

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Wind Turbine & Energy Cables Corp. prays that Plaintiff take nothing by his suit and that Defendant go hence and recover its costs in this behalf expended, and for such other further relief, at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

VALDEZ, JACKSON & TREVIÑO, P.C.
Plaza Las Campanas
1826 North Loop 1604 West, Suite 275
San Antonio, Texas 78248
Telephone: (210) 598-8686
Facsimile:  (210) 598-8797

Jose "JJ" Treviño, Jr.
State Bar No. 24051446
Nicholas D. Smith
State Bar No. 24093175
*Attorney(s) for Defendant Wind Turbine &*
*Energy Cables Corp.*

## CERTIFICATE OF SERVICE

I do certify that the forgoing document has been served upon the following counsel of record pursuant to Rule 21, Texas Rules of Civil Procedure on March 17, 2015:

*VIA FACSIMILE: (210)923-3378*
Steve Dummitt
Mike Erskine
THE CARSON LAW FIRM P.C.
618 S.W. Military Blvd.
San Antonio, Texas 78221
*Attorney(s) for Plaintiff*

Jose "JJ" Treviño, Jr.

{00128220}