IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIO FLORES, | § | CV. No. 5:15-CV-231-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| WIND TURBINE & ENERGY | § | |
| CABLES CORPORATION and | § | |
| JEFFREY PELLERIN, | § | |
| | § | |
| Defendants. | § | |

ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT

Before the Court is a Motion for Leave to File Amended Pleading filed by Plaintiff Mario Flores ("Plaintiff") (Dkt. # 5). Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the supporting and opposing memoranda, the Court **DENIES** Plaintiff's Motion for Leave to File Amended Pleading.

BACKGROUND

This case arises out of a car accident in Bexar County, Texas. Plaintiff alleges that on April 29, 2013, Defendant Jeffrey Pellerin ("Pellerin") was driving a 2011 Chevrolet Silverado and crashed into the rear of Plaintiff's vehicle while traveling northbound on Roosevelt Avenue near the intersection of Roosevelt and Interstate 410. ("Pet.," Dkt. # 1, Ex. B ¶ 8.) On December 10,

1

2014, Plaintiff filed a Petition against Pellerin and Pellerin's alleged employer, Defendant Wind Turbine & Energy Cables Corporation ("Wind Energy"), in the 37th Judicial District Court of Bexar County, Texas.  (Id. at 1.)  Plaintiff's Petition asserts claims for negligence, negligent training, negligent supervision, and negligence per se.  (Id. ¶¶ 10–13.)

Wind Energy removed the case to this Court on March 26, 2015, invoking the Court's diversity jurisdiction.  (Dkt. # 1.)  Pellerin had not been served with process at the time of Wind Energy's removal, but has since filed an Answer in this Court. (Dkt. # 1-1 at 2; Dkt. # 9.)  On April 21, 2015, Plaintiff filed the instant Motion for Leave to File Amended Pleading.  (Dkt. # 5.)  Wind Energy filed a Response on April 28, 2015.  (Dkt. # 6.)  Plaintiff has not filed a reply.

## LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, if a pleading is one to which a responsive pleading is required, "a party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(B).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

The language of the rule "evinces a bias in favor of granting leave to amend." Lyn–Lea Travel Corp. v. Am. Airlines, 283 F.3d 282, 286 (5th Cir. 2002). In considering whether to grant or deny leave to amend, the court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party, and futility of amendment." In re Southmark Corp., 88 F.3d 311, 314–15 (5th Cir. 1996); see also Jones v. Robinson Prop. Grp. L.P., 427 F.3d 987, 994 (5th Cir. 2005). Amendment is futile "if the complaint as amended would be subject to dismissal." Varela v. Gonzalez, 773 F.3d 704, 707 (5th Cir. 2014).

The standard for amendment, however, is different where a plaintiff seeks to add nondiverse defendants that would destroy the Court's diversity jurisdiction. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). A motion to amend to add nondiverse defendants implicates competing interests: "the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources," weighed against the diverse defendant's "interest in retaining the federal forum" upon which the removal statutes are predicated. Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). As a result, "[t]he district court, when faced with an

3

amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." Id.

Specifically, a district court should consider consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Id.; see also Priester v. JP Morgan Chase Bank, N.A., 708 F.3d 667, 679 (5th Cir. 2013) (applying the Hensgens standard in determining whether joinder of nondiverse parties should be permitted after removal); Moore v. Manns, 732 F.3d 454, 456 (5th Cir. 2013) (same). "The court should use its discretion in deciding whether to allow that party to be added." Priester, 708 F.3d at 679 (quoting Hensgens, 833 F.2d at 1182) (internal quotation marks omitted).

## DISCUSSION

Plaintiff's Amended Complaint seeks to add Alternative Energy Development Corporation ("AED"), Renewable Energy Resource Corporation ("RERC"), and eight corporate iterations of OCI Solar Power LLC ("OCI Solar") as defendants. (Dkt. # 5 at 1.) Plaintiff alleges that AED and RERC, which are New Jersey corporations, are entities affiliated with Wind Energy for whom Plaintiff may have worked. (Dkt. # 5 at 2.) Wind Energy has acknowledged that AED was Plaintiff's employer at the time in question. (Dkt. # 6, Ex. A.)

The various iterations of OCI Solar are Delaware corporations with their headquarters in Texas. (Dkt. # 5-1 ¶¶ 6–13.) Plaintiff seeks to add OCI Solar because he believes "it is very possible" that Pellerin "was a contractor for at least one of the eight OCI Solar companies" at the time of the incident. (Dkt. # 5 at 3.) Because Plaintiff is a citizen of Texas (Pet. ¶ 2), however, adding the OCI Solar companies as defendants would destroy the Court's diversity jurisdiction.

Plaintiff's Motion does not acknowledge that adding the OCI Solar companies would destroy the Court's jurisdiction, and does not address the Hensgens factors that the Court must use to determine whether to allow joinder and remand the case or deny joinder under § 1447(e). Wind Energy asserts that Plaintiff's amended complaint is a "sham designed to destroy the Court's subject matter jurisdiction," and argues that the Hensgens factors weigh in favor of denying Plaintiff's Motion to join the additional defendants.

The first Hensgens factor considers the extent to which the purpose of the amendment is to defeat the Court's jurisdiction. Where a plaintiff has a cognizable cause of action against the nondiverse defendant, courts have found that the primary purpose of amendment was not to defeat federal jurisdiction. Martinez v. Holzknecht, 701 F. Supp. 2d 886, 889 (S.D. Tex. 2010). Additionally, an amendment is not for the purpose of defeating diversity jurisdiction where the plaintiff did not realize that joinder of the additional defendants would require

5

remand.  See Jones v. Rent-A-Center East, Inc., 356 F. Supp. 2d 1273, 1276 (M.D. Ala. 2005).  An effort to add a nondiverse defendant shortly after removal and prior to any additional discovery, however, is an indication that the purpose of the amendment is to defeat diversity.  Martinez, 701 F. Supp. 2d at 889.

    Here, Plaintiff's basis for adding the OCI solar companies is that Pellerin was working at the Alamo 1 Solar project, which is allegedly operated by OCI Solar, at the time of the accident.  (Dkt. # 5-1 ¶ 18.)  Plaintiff alleges, "on information and belief," that "Pellerin was employed by one of the eight OCI Solar affiliates and/or [Wind Energy], AED, and RERC," or alternatively, that Wind Energy, AED and RERC were operating the property "along with OCI Solar in a co-venture or joint venture enterprise."  (Id.)  If Pellerin was employed by one of the OCI Solar companies, or if OCI Solar was engaged in a joint venture with Pellerin's employer, Plaintiff may have a cognizable cause of action against OCI Solar.  See Tex. Dep't of Transp. v. Able, 35 S.W.3d 608, 613 (Tex. 2000) ("Joint enterprise liability makes each party thereto the agent of the other and thereby to hold each responsible for the negligent act of the other." (internal quotation marks omitted)); Robertson Tank Lines, Inc. v. Van Cleave, 468 S.W.2d 354, 357 (Tex. 1971) (discussing respondeat superior liability under Texas law).  Additionally, based on the fact that Plaintiff failed to raise the issue in his motion and is not seeking remand, it appears that Plaintiff did not realize that the addition of OCI

6

Solar would destroy the Court's diversity jurisdiction.  Finally, Plaintiff filed his motion to amend based on the discovery of the incident statement submitted by Pellerin to AED, which includes the name of the site, allegedly operated by OCI Solar, where Pellerin worked.  The Court therefore finds that the purpose of the amendment is not to defeat federal jurisdiction, and this factor weighs in favor of amendment.

The second factor is whether plaintiff has been dilatory in asking for amendment.  Generally, a plaintiff is not dilatory when the motion for leave to amend is filed before any significant activity beyond the pleading stage has occurred.  See Martinez, 701 F. Supp. 2d at 891.  Plaintiff filed his Motion less than a month after the case was removed, before any trial or pretrial dates were scheduled, and before any significant activity beyond the pleading stage had occurred, and was thus not dilatory in asking for amendment.  This factor therefore also weighs in favor of allowing amendment.

The third factor is whether plaintiff will be significantly injured if amendment is not allowed.  There is no indication here that Plaintiff would suffer prejudice if OCI Solar was not joined as a defendant, because there is no evidence that Plaintiff could not be afforded complete relief in the absence of the amendment.  See Boyce v. CitiMortgage, Inc., 992 F. Supp. 2d 709, 721 (W.D. Tex. 2014).  Wind Energy has admitted that AED was Pellerin's employer, and if

OCI Solar is engaged in a joint venture with Wind Energy or AED, those companies would be liable for the negligent acts of OCI Solar.  There is no evidence that Wind Energy and Pellerin would be unable to satisfy a future judgment, and this factor therefore weighs against allowing the amendment.

Hensgens also directs district courts to consider any other factors bearing on the equities.  Here, the Court notes that Plaintiff's basis for adding the OCI Solar companies as defendants to his action is thin at best.  Pellerin's incident report, relied upon by Plaintiff as evidence that OCI Solar may have employed Pellerin, features the AED logo, strongly indicating that AED was Plaintiff's employer at the time of the incident—a fact which Wind Energy has explicitly acknowledged.  (See Dkt. # 5, Ex. A; Dkt. # 6, Ex. B.)  Plaintiff's Motion does not argue that OCI Solar in fact employed Pellerin or was affiliated with Wind Energy, but says only that it is "very possible" that OCI Solar employed Pellerin or was engaged in a joint venture with Wind Energy.  (Dkt. # 5 at 3.)  In light of the highly speculative nature of OCI Solar's connection to Plaintiff's claim, the addition of the OCI Solar companies at this point in the litigation would unnecessarily complicate what is at base a simple claim of negligence and respondeat superior liability.  The Court thus finds that the fourth factor weighs against allowing the amendment.

Weighing the factors together, the Court in its discretion finds that the dangers of parallel proceedings do not outweigh Wind Energy's interest in retaining the federal forum.  While the amendment does not appear to be for the purpose of defeating federal jurisdiction and Plaintiff was not dilatory in seeking the amendment, Plaintiff has submitted no argument or evidence that the addition of OCI Solar is necessary to afford him full relief, and OCI Solar's possible connection to this action is little more than speculation.  As a result, the Court **DENIES** Plaintiff's Motion to Amend.  If Plaintiff wishes to amend his complaint to add only those defendants that are diverse, he may do so by motion or with Defendants' written consent.  Fed. R. Civ. P. 15(a).  If Plaintiff, through additional discovery, should find evidence establishing that OCI Solar in fact employed Pellerin or was associated with Wind Energy or AED, he may again seek to join OCI Solar.  At the present time, however, the Court finds that the balance of the equities weigh in favor denying leave to amend.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to Amend Pleadings (Dkt. # 5.)

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, May 21, 2015.

_____

David Alan Ezra
Senior United States Distict Judge